JULIAN M. BAUM (CA State Bar No. 130892)
ROBERT C. WEEMS
BAUM & WEEMS
9 Tenaya Lane
Novato, California 94947
Telephone: (415) 892-3152
Facsimile: (415) 892-3096

Attorneys for Plaintiff
Donna Noland

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA NOLAND, an individual, | ) |
| | ) Case No. C06-03352 SC (ADR) |
| Plaintiff, | ) |
| | ) COMPLAINT |
| v. | ) |
| | ) [ERISA, 29 U.S.C. Sections 1001 et seq.] |
| | ) |
| FIRST UNUM LIFE INSURANCE | ) |
| COMPANY;  MCKINSEY & COMPANY | ) |
| LONG TERM DISABILITY PLAN, | ) |
| | ) |
| Defendants. | ) |

Plaintiff, Donna Noland, alleges as follows.

////

////

////

////

////

## JURISDICTION

1. This is an action for equitable relief and for benefits under a group long-term disability insurance policy. Plaintiff's claims for relief arise under the Employee Retirement Income Security Act of 1974, 29 U.S.C. Sections 1001 et seq. (hereafter, "ERISA"). This Court has subject matter jurisdiction of this action under 29 U.S.C. Section 1132 and 28 U.S.C. Section 1331.

## INTRADISTRICT ASSIGNMENT

2. A substantial part of the events or omissions which give rise to plaintiff's claims occurred in the County of Alameda, State of California.

## FIRST CLAIM FOR RELIEF
[for benefits due under the defendant ERISA plan]

3. Plaintiff Donna Noland is, and at all relevant times was, a covered beneficiary under a group long-term disability insurance policy (hereafter, the "Policy") issued by defendant First Unum Life Insurance Company (hereafter, "Unum").

4. Defendant McKinsey & Company Long Term Disability Plan (hereafter, the "Plan") is an employee welfare benefit plan under which plaintiff was covered while she was employed by the Permanente Medical Group, Inc., and under which she is entitled to disability insurance benefits as a beneficiary of the Plan. The Plan is an employee welfare benefit plan within the meaning of ERISA, 29 U.S.C. Sections 1002 and 1003, established by plaintiff's former employer, McKinsey & Company. Plaintiff is informed and believes, and on that basis alleges, that the Plan's assets consist solely of the Policy.

5. At all relevant times, defendant Unum administered the Plan, with respect to claims and payment of long-term disability insurance claims under the Policy. Unum exercised discretionary authority and control over the administration of the Plan and the administration, payment and final administrative review of plaintiff's disability insurance claim as alleged herein. Accordingly, Unum is, and at all times was, a fiduciary within the meaning of ERISA, with respect to the Plan.

6. In or about February, 2003, plaintiff became totally disabled, within the meaning of the terms of the Plan, and thereafter applied for disability insurance benefits. Unum disapproved plaintiff's disability claim and refused payment of disability insurance benefits to plaintiff.

7. Plaintiff timely requested that Unum review and reconsider its decision to deny her benefits.

8. In August, 2004 Unum reversed its decision to deny benefits, and approved plaintiff's disability claim. Unum thereafter commenced making monthly payment of plaintiff's disability insurance benefits.

9. Since February, 2003 and at all relevant times thereafter plaintiff has been, and continues to be, totally disabled within the meaning of the terms of the Plan.

10. Plaintiff has fulfilled every condition and has duly performed each and every obligation that she was required to perform under the terms of the Plan, and is and at all relevant times has been entitled to payment of disability benefits under the terms and conditions of the Plan.

11. In November, 2005, defendant Unum represented to plaintiff that, as a result of plaintiff's receipt of Workers' Compensation Benefits received by plaintiff, Unum had overpaid plaintiff's benefits in the overpayment amount of $21,831.24. Unum requested that plaintiff write a check to Unum in that amount.

12. In December, 2005, Unum notified plaintiff that it was withholding payment of plaintiff's disability benefits, and would retain such monthly benefits until Unum deemed itself fully reimbursed.

13. Thereafter, plaintiff demanded that defendants immediately reinstate payment of her disability insurance benefits. Defendants failed and refused to do so.

14. Under applicable law, defendants were not and are not entitled to reduce or cease payment of plaintiff's disability insurance benefits as they unilaterally assert, and/or to seize and convert to themselves the amounts of plaintiff's monthly benefits as a self-help remedy for and and enforcement of their asserted right of reimbursement.

15. As a direct and proximate result of defendants' conduct as alleged herein, plaintiff has suffered and will continue to suffer losses compensable under ERISA, including but not limited to loss of her disability benefits, interest on those benefits, and attorneys' fees, and expenses.

WHEREFORE, plaintiff prays for judgment as set forth below.

### SECOND CLAIM FOR RELIEF
[For Breach of Fiduciary Duty]

16. Plaintiff realleges and incorporates by this reference the allegations of paragraphs 1 through 15, inclusive, of this Complaint.

17. Defendants breached their fiduciary duties under ERISA by failing properly to investigate and administer plaintiff's claim for disability benefits, by failing to provide a full and fair review of plaintiff's appeal of the denial of her benefits, and by failing to administer the Plan in accordance with the purposes of the Plan and for the exclusive benefit of its beneficiaries.

18. As a direct and proximate result of defendants' conduct as alleged herein, plaintiff has suffered and will continue to suffer losses compensable under ERISA, including but not limited to loss of her disability benefits, interest on those benefits, and attorneys' fees and expenses.

WHEREFORE, plaintiff prays for judgment as follows:

1. For benefits due under the Plan;
2. For a declaration regarding plaintiff's rights to future benefits under the Plan;
3. For such equitable relief as the Court deems just and proper;
4. For prejudgment interest;
5. For attorneys' fees, costs and expenses; and
6. For such other and further relief as the Court deems just and proper.

Dated: May 19, 2006

JULIAN M. BAUM
ROBERT C. WEEMS
BAUM & WEEMS

by _____ Signed by Julian M. Baum
JULIAN M. BAUM
Attorneys for Plaintiff Donna Noland